IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSE DIAZ ARGUETA
c/o 519 H Street NW
Washington, DC 20001

    Plaintiff,

v.

HAN PALACE 8 STREET LLC
d/b/a HAN PALACE BARRACKS ROW
522 8th Street SE
Washington, DC 20003

CHRIS ZHU
8031 Cobble Creek Circle
Potomac, MD 20854

    Defendants.

Civil Action No. _____

# COMPLAINT

1. While Plaintiff worked for Defendants' Chinese restaurant as a kitchen laborer, Defendants paid Plaintiff a flat, biweekly salary that denied him minimum and overtime wages.

2. Plaintiff brings this action against Han Palace 8 Street LLC and Chris Zhu ("Defendants") to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

**Jurisdiction and Venue**

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## Parties

5. Plaintiff Jose Diaz Argueta is an adult resident of the District of Columbia.

6. Defendant Han Palace 8 Street LLC is a District of Columbia limited liability company. It does business as Han Palace Barracks Row. Its principal place of business is located at 522 8th Street SE, Washington, DC 20003. Its registered agent for service of process is Chris Zhu, 522 8th Street SE, Washington, DC 20003.

7. Defendant Chris Zhu is an adult resident of Maryland. She resides at 8031 Cobble Creek Circle, Potomac, MD 20854. She is an owner and member of Defendant Han Palace 8 Street LLC. She exercises exclusive control over the operations of Han Palace 8 Street LLC — including its pay practices.

## Factual Allegations

8. Defendants own and operate the restaurant Han Palace Barracks Row, located at 522 8th Street SE, Washington, DC 20003.

9. Plaintiff worked at Han Palace Barracks Row from approximately March 28, 2024 through approximately September 15, 2025.

10. Plaintiff worked at Han Palace Barracks Row as a kitchen laborer.

11. Plaintiff's job duties at Han Palace Barracks Row primarily consisted of preparing, cutting, and cooking poultry, meats, shrimp, and vegetables; washing and organizing kitchenware; disposing of garbage; and cleaning his work area.

12. Plaintiff typically and customarily worked six days per week, every day but for Tuesdays.

13. Plaintiff typically and customarily worked sixty-eight hours per week.

14. At all relevant times, Defendants paid Plaintiff a biweekly salary via check without an accompanying paystub.

15. Defendants paid Plaintiff approximately the following biweekly salaries:

| Approximate Dates | Hours Worked | Biweekly Salary | Effective Hourly Rate |
|---|---|---|---|
| Mar. 28, 2024–Jun. 15, 2024 | 68.00 | $1,500.00 | $11.03 |
| Jun. 16, 2024–Sep. 15, 2025 | 68.00 | $1,800.00 | $13.24 |

16. At all relevant times, Plaintiff worked more than forty hours per workweek for Defendants.

17. At all relevant times, Defendants paid Plaintiff the same effective regular hourly rate across all hours worked within each workweek.

18. At all relevant times, Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

19. In addition to not paying overtime wages, Defendants did not pay Plaintiff the D.C. minimum wage.

20. The District of Columbia required employers to pay non-exempt employees at least $17.00 per hour from July 1, 2023 through June 30, 2024; $17.50 per hour from July 1, 2024 through June 30, 2025; and $17.95 per hour since July 1, 2025. D.C. Code § 32-1003(a).

21. Defendants owe Plaintiff approximately $45,000.00 in minimum and overtime wages (excluding liquidated damages).

22. Defendant Zhu had the authority to set Han Palace's hours of operation.

23. Defendant Zhu had the authority to hire and fire employees on behalf of Han Palace 8 Street LLC.

24. Defendant Zhu had the authority to hire Plaintiff.

25. Defendant Zhu had the authority to set Plaintiff's work schedule.

26. Defendant Zhu had the authority to set Plaintiff's rate and manner of pay.

27. Defendant Zhu had the authority to supervise and control Plaintiff's work.

28. Defendant Zhu had the authority to sign checks on behalf of Han Palace 8 Street LLC.

29. Defendant Zhu had the authority to sign Plaintiff's paychecks.

30. Defendant Zhu was personally aware Plaintiff was being paid less than the D.C. minimum wage.

31. Defendant Zhu was personally aware Plaintiff was not being paid overtime wages for his overtime hours.

32. At all relevant times, each Defendant was aware that they were legally required to pay Plaintiff one and one-half times his regular hourly rate for all hours worked in excess of forty hours in any one workweek.

33. At all relevant times, each Defendant was aware that they were legally required to pay Plaintiff the applicable minimum wage.

34. At all relevant times, each Defendant was aware that they were legally required to timely pay Plaintiff all wages legally due to him.

35. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

36. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

37. At all relevant times, Defendants had employees who handled food products, such as chicken, beef, or vegetables, that had been raised or grown outside of the District of Columbia.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

38. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

39. Each Defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

40. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

41. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

42. Defendants' violations of the FLSA were willful.

43. For their violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

44. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

45. Each Defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

46. The DCMWA required that employers pay non-exempt employees at least $17.00 per hour from July 1, 2023 through June 30, 2024; $17.50 per hour from July 1, 2024 through June 30, 2025; and $17.95 per hour from July 1, 2025 through the present. D.C. Code § 32-1003(a).

47. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

48. Defendants violated the DCMWA by failing to pay the D.C. minimum wage to Plaintiff.

49. Defendants violated the DCMWA by failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

50. For their violations of the DCMWA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

51. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

52. Each Defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

53. The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

54. For purposes of the DCWPCL, "wages" include, among other things, minimum and overtime wages. D.C Code § 32-1301(3).

55. Defendants violated the DCWPCL by failing to timely pay Plaintiff all wages due, including minimum and overtime wages.

56. For their violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court. *See Sivaraman v. Guizzetti & Assocs.*, 228 A.3d 1066, 1072 (D.C. 2020) ("[T]reble damages are mandatory, not discretionary, if requested."); *Martinez v. Asian 328, LLC*, 220 F. Supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.").

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$187,606.20**, and grant the following relief:

    a.    Award Plaintiff $180,000.00, consisting of the following overlapping elements:

        i.    unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii.    unpaid D.C. minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

        iii.    unpaid wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

    b.    Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

    c.    Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $7,201.20);

    d.    Award Plaintiff court costs (currently, $405.00); and

    e.    Award any additional relief the Court deems just.

October 4, 2025                             Respectfully submitted,

                                            **DCWageLaw**

                                            By: /s/ Justin Zelikovitz
                                            JUSTIN ZELIKOVITZ, #986001
                                            JONATHAN P. TUCKER, #1026050
                                            519 H Street NW
                                            Washington, DC 20001
                                            Phone: (202) 803-6083
                                            Fax: (202) 683-6102
                                            justin@dcwagelaw.com
                                            jt@dcwagelaw.com

                                            *Counsel for Plaintiff*